FILED

CHANCE E. GORDON (SBN 198512)
**THE GORDON LAW FIRM**
Miracle Mile Tower
5455 Wilshire Boulevard, Suite 2025
Los Angeles, CA 90036
Tel. (323) 933-6088
Fax (323) 933-6090
cgordon@thegordonlawfirm.com

10 AUG 30 AM 11: 09

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANCE E. GORDON, dba THE GORDON LAW FIRM<br><br>Plaintiffs,<br><br>v.<br><br>THE BETTER BUSINESS BUREAU OF THE SOUTHLAND, a California Corporation; WILLIAM MITCHELL, an Individual; SPRINGBOARD NONPROFIT CONSUMER CREDIT MANAGEMENT, INC., a California Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. **CV10 6462**-RSWL(FFM)<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (18 U.S.C. § 1961 ET SEQ.)**<br>2. **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200, ET SEQ. (UNFAIR BUSINESS PRACTICES)**<br>3. **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br>4. **INJUNCTIVE RELIEF**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiffs CHANCE E. GORDON, dba THE GORDON LAW FIRM

(hereinafter "Plaintiff ") alleges as follows:

## THE NATURE OF THIS ACTION

1.     This action is brought before the Court pursuant to the provisions of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), Title 18 U.S.C. §§ 1961, et seq. against Defendant THE BETTER BUSINESS BUREAU OF THE SOUTHLAND (hereinafter "Defendant Southland BBB"), Defendant WILLIAM G. MITCHELL (hereinafter "Defendant Mitchell"), and Defendant SPRINGBOARD NONPROFIT CONSUMER CREDIT MANAGEMENT, INC. (hereinafter "Defendant Springboard").

## JURISDICTION

2.     Throughout the time frame subject of this action, Defendants have directly violated and conspired together to violate 18 U.S.C. § 1343 through the commission of multiple acts of fraud by wire as such conduct is defined in this statute. Such conduct constitutes "Racketeering Activity" within the meaning of 18 U.S.C. § 1961(1), The Racketeer Influenced and Corrupt Organizations Act of 1970 (hereinafter "RICO"). Defendants successfully executed this conspiracy through several predicate acts of wire fraud which involved conduct of intentionally misleading consumers as to their true identity and affiliation for the express purpose of damaging Plaintiff's business while enriching themselves.

3.     Competent subject matter jurisdiction exists pursuant to Section 1964(b) (c) and Section 1965 (a)(b)(d) of RICO.  This Court has personal jurisdiction

over the parties because Plaintiff submits to the jurisdiction of the Court and Defendants systematically and continually conduct business throughout the Court's Judicial District.

4.      The Court has supplemental jurisdiction over the remaining state law claims because they form "part of the same case or controversy" (see, 28 U.S.C. § 1367(a)).  Due to the interrelationship of Plaintiffs State Law and Federal Claims, the Court should extend Supplemental Jurisdiction over Plaintiff's state law claims.

## PARTIES

5.      Plaintiff is, and at all times hereinafter mentioned was, an attorney licensed to practice law in the State of California with his principal place of business in the City and County of Los Angeles.

6.      Defendant Southland BBB is, and at all times mentioned hereinafter was, a California Corporation conducting business in the City of Colton, County of Los Angeles.

7.      Defendant William G. Mitchell, (hereinafter "Defendant Mitchell") is, and at all times hereinafter was, an attorney licensed to practice law in the State of California, who based upon information and belief, is the sole shareholder and officer of Defendant Southland BBB.

8.      Defendant Springboard Nonprofit Consumer Credit Management, Inc. (hereinafter "Defendant Springboard") is, and at all times mentioned hereinafter was,

a California Corporation conducting business in the County of Los Angeles, State of California, of which Defendant Mitchell holds a financial interest.

9.     There exists, and at all times mentioned herein existed a unity of interest and ownership between Defendant Southland BBB and Defendant Mitchell, such that any individuality and separateness between these Defendants have ceased to exist. Adherence to the fiction of the separate existence of Defendant Southland BBB and Defendant Mitchell would permit an abuse of the corporate privilege and would thereby sanction fraud and promote injustice.

10.     Plaintiff is unaware of the true names, identities or capacities of Defendants DOES 1 through 10, inclusive, and each of them, and therefore sues such Defendants by these fictitious names.  Plaintiff will ask leave to amend this complaint to state their true names and capacities when ascertained.  Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants named as a DOE was in some manner responsible for the injury and damage suffered by Plaintiff as alleged in this Complaint.  Plaintiff is informed and believes, and on that basis alleges, that some of the Defendants were the agents and employees of their codefendants, and each of them, and in doing the things alleged in this Complaint were acting within the scope of their authority as such agents and employees, with the permission and consent of their codefendants, and each of them.

## BACKGROUND OF ACTION

## I.   Defendant Southland BBB

10.   Defendant Southland BBB is a nonprofit corporation which has been in existence since the late 1960's.  It has been the "go to" source for consumers who are seeking to investigate businesses in order to protect themselves from fraud and swindles, or simply from businesses that have not historically provided customers service at a satisfactory level.

11.   Defendant Southland BBB provides to the consumer access to complaints lodged by prior dissatisfied customers, which to its credit is a tremendous public service and absolutely protected activity under both the United States and California Constitution.  However, it is Defendant Southland BBB's rating system of non-member businesses and the underhanded conduct of Defendant Mitchell's participation on Defendant Southland BBB's Trustlink Website that has caused Defendant Southland BBB to run afoul of the law.

### A.   *Defendant Southland BBB Rating System*

12.   Defendant Southland BBB employs a rating system of a business in a standard academic format that ranks the particular business from "A-F".  Defendant Southland BBB touts this rating system as being completely objective, and historically this was the truth.  However, since Defendant Mitchell has taken the helm of Defendant Southland BBB, he has used what was supposed to be an objective algorithm of the quality of services rendered by a business, as a weapon in which to:

(1) punish businesses that do not pay the exorbitant fee demanded by Defendant Mitchell for membership in Defendant Southland BBB; (2) run businesses which compete with businesses owned or controlled by Defendant Mitchell into ruination; and (3) in order to direct business to Defendant Springboard.

13.     In most instances, a business who is a non-member and has received complaints will on average receive two grades less than a business that has paid for its "accreditation" from Defendant Southland BBB.  Furthermore, in testimony from prior litigation, Defendant Mitchell has admitted that he personally applies the rating system based upon his whim, personal interests, and desires.

**B.     *Defendant Southland BBB Trust Link Website***

14.     Defendant Southland BBB offers a public forum on the Internet in the form of its "Trustlink Website".  This website allows consumers to consult with individuals who allegedly are independent of Defendant Southland BBB, but who in reality have a direct pecuniary interest in the company.  One of these individuals (who identifies himself as an objective "BBB Expert") is Defendant Mitchell.  In this capacity, Defendant Mitchell conceals the fact that he is the sole officer and shareholder of Defendant Southland BBB and conceals his true name, profession, position, and background so that he can advance his own financial interest at the expense of consumers and businesses who find themselves in his crosshairs.

**II.     Defendant Springboard**

15.     Springboard was formed in or around 1974 with Defendant Mitchell being one of its initial founders.  Defendant Springboard was supposedly created in order to assist consumers in the capacity of a non-profit agency.  In current times, Defendant Springboard has developed a line of business that includes assisting people in the filing of bankruptcies, credit negotiation, and most importantly from the field of loan modifications.  Defendant Mitchell has a direct and pecuniary financial interest in the revenues of Defendant Springboard.  As a result, any business which shares this field of practice is a direct target of Defendant Mitchell.  One such business is the one that is operated by Plaintiff.

**III.     Actionable Conduct By Southland BBB Which Led
           to Plaintiff's Claims**

16.     In or around April of 2010, Defendant Mitchell got wind of the fact that Plaintiff was providing free loan modification services to the public.  As a result, Defendant Mitchell decided to do everything in his power to destroy Plaintiff's business.  In essence,   Defendant Mitchell saw Plaintiff as a direct competitor to Defendant Springboard, a company in which he holds a direct financial interest.  As a result, instead of competing in the open market, Defendant Mitchell opted to disparage Plaintiff (while concealing his own identity) on the Trustlink Website of Defendant Southland BBB.

*1.     The Exchange Between Plaintiff and Defendant Mitchell*

17.     Defendant Mitchell began posting comments disparaging Plaintiff on Defendant Southland BBB's Trustlink Website while concealing the fact that: (1) he was the *defacto* owner of Defendant Southland BBB; and (2) he had an ownership interest in Defendant Springboard to whom he was attempting to direct Plaintiff's clientele and potential clientele.

18.     In the above timeframe, Defendant Mitchell falsely represented to the public that he was a neutral "BBB Expert". In addition, he blatantly misstated his educational background, and knowingly hid the fact that he: (1) had sole control of Defendant Southland BBB; and (2) was solely responsible for rating companies on its Website.

19.     After being disparaged and attacked by Defendant Mitchell, Plaintiff was able to reveal to the public that Defendant Mitchell was: (1) lying about his credentials; and (2) lying about the conflict of interest he had in being the primary owner of Defendant Southland BBB, even though he represented that he was a neutral "BBB Expert". After Defendant Mitchell's lies were revealed, he continued to lie to the public and conceal the foregoing facts. In addition, when clients who had placed complaints against Plaintiff's business had asked Defendant Mitchell to remove the complaints, Defendant Mitchell lied to them telling them "it is impossible to remove the complaint".

20.     In response to denying complaints lodged against Plaintiff on Defendant Southland BBB's complaint board (all complaints of which were 100% resolved by Plaintiff), Defendant Mitchell assigned a rating to Plaintiff of a C-.  In addition, he intentionally placed comments on Defendant Southland BBB's complaint board under description of the company, wherein he falsely and maliciously informed the public that Plaintiff was currently charging upfront fees for loan modification services.

21.     Contemporaneous with this, Defendant Springboard, which Defendant Mitchell has a deep financial interest in, had eight complaints compared to Plaintiff's nine, all of which are in the exact same categories.  Glowing reviews were made of Defendant Springboard and it was assigned an "A" rating.  All of this was so that business could be directed away from Plaintiff and other businesses that shared the same field with Plaintiff, and to Defendant Springboard from which Defendant Mitchell had a direct pecuniary interest.

22.     In late August of 2010, Plaintiff once again challenged Defendant Mitchell, pointing out the multiple conflicts of interest, fraud, and corruption, which connected Defendants in this action.  In retaliation, Defendant Southland BBB gave Plaintiff an "F" rating.

## FIRST CLAIM FOR RELIEF

## COUNT ONE:

### Conduct and Participation in a RICO *Enterprise*
### through a *Pattern of Racketeering Activity*:
### 18 U.S.C. §§ <u>1961</u>(5), <u>1962</u>(c)(d)

23.    Plaintiff now realleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein.

24.    At various times and places, all Defendants did associate with a RICO *enterprise* of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate commerce.

25.    Furthermore, all Defendants did conduct and/or participate, either directly or indirectly, in the conduct of the affairs of said RICO *enterprise* through a *pattern of racketeering activity*, all in violation of 18 U.S.C. §§ <u>1961</u>(4), (5), (9), and <u>1962</u>(c) as specifically described above.

26.    During the last two (2) calendar years, all Defendants cooperated jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ <u>1961</u>(1)(A) and (B), and did so in violation of the RICO law at <u>18 U.S.C. 1962</u>(c) (Prohibited activities).

27.    Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their

respective *racketeering activities*, also in violation of the RICO law at <u>18 U.S.C.</u> <u>1962</u>(c) *supra*.

### 1.    The Mitchell-Southland-Springboard Enterprise

28.    The RICO "Enterprise" is an association-in-fact entitled the "Mitchell-Southland-Springboard Enterprise" consisting of:  (1) Defendant Mitchell; (2) Defendant Southland BBB; and (3) Defendant Springboard.  The Enterprise is an ongoing and continuing business organization consisting of Defendant corporations and Defendant Mitchell that are, and have been, associated for the common or shared purpose of using Defendant Southland BBB to direct business to Defendant Springboard.

29.    The Mitchell-Southland-Springboard Enterprise is an ongoing corrupt organization that engages in, and whose activities affect, interstate commerce.

30.    While all Defendants participate in and are members and part of the Mitchell-Southland-Springboard Enterprise, they also have an existence separate and distinct from the Enterprise.

31.    In order to persuade Plaintiff's potential clients to be directed to Defendant Springboard, Defendants orchestrated a scheme to disparage Plaintiff's services and to create the false appearance of credibility of Defendants.

32.    Their control of and participation in the Enterprise is necessary for the successful operation of the above.  Defendants Mitchell, Southland BBB, and

Springboard's participation in the Enterprise permits Defendants to advance their Scheme and conceal the fraudulent activity in which they have been engaging.

**2.    Alternative Enterprise Allegations:  The Co-Conspirator Mitchell-Springboard Enterprise**

33.    All Plaintiffs and all Defendants are "persons" within the meaning of 18 U.S.C. § 1961(3).

34.    Based upon Plaintiffs' current knowledge, the following persons constitute a group of individuals associated in fact that will be referred to herein as the Mitchell-Springboard Enterprise:  (1) Defendant Mitchell; and (2) Defendant Springboard.

35.    The Mitchell-Springboard Enterprise is an ongoing organization that engages in, and whose activities affect, interstate commerce.

36.    While all Defendants participate in and are members and part of the Mitchell-Springboard Enterprise, they also have an existence separate and distinct from the enterprise.

37.    The Mitchell-Springboard Enterprise has an ascertainable structure separate and apart from the pattern of racketeering activity in which Defendants engage.

38.    The Enterprises have a systemic linkage because there are contractual relationships, financial ties, and continuing coordination of activities between Defendants Mitchell and Springboard.  There is a common communication network by

which Mitchell and Springboard shared and continue to share information on a regular basis.  Typically, this communication occurred by use of the wires and mails.

39.    The foregoing evidences that all Defendants are willing participants in the Enterprise, had a common purpose and interest in the establishment and operations of the foregoing Scheme, and agreed to a structure wherein Defendants Mitchell, Southland BBB, and Springboard would implement the Scheme.

**B.    The Defendants' Use of the U.S. Mails and Interstate Wire Facilities**

40.    The Enterprises described hereinabove has engaged in and affected interstate commerce because they engaged in the following activities across state boundaries:  publication on the Worldwide Web of disparaging rankings of Plaintiff's business, and through directing potential clientele to Defendant Springboard.

41.    During this period, Defendants' illegal conduct was carried out by an array of employees, working across state boundaries, who necessarily relied upon frequent transfers of documents, information, products and funds by the U.S. mails and interstate wire facilities.

42.    The nature and pervasiveness of the Scheme, which was orchestrated out of Defendants Mitchell, Southland BBB, and Springboard's offices, necessarily required those offices to communicate directly and frequently by the U.S. mails and by interstate wire facilities.

43.    Many of the precise dates of Defendants' uses of the U.S. mails and

interstate wire facilities (and corresponding RICO predicate acts of mail and wire fraud) have been hidden and cannot be alleged without access to these Defendants' books and records. However, Plaintiffs can ascertain when and how their transactions involved the mail and wire facilities and can generally describe the occasions on which the RICO predicate acts of mail fraud and wire fraud occurred, and how those acts were in furtherance of the Scheme.

44.    Defendants' use of the U.S. mails and interstate wire facilities to perpetrate the scheme involved dozens of communications throughout the relevant period including telephone, email and U.S. Mail communications to consumers; and the transmission by email and/or U.S. mail of documents alleging ownership. In addition to these RICO predicate acts, it was foreseeable to each Defendant that it would communicate by the U.S. mails and by interstate wire facilities. Further, each Defendant has, in furtherance of the Scheme, communicated through use of the U.S. mails and by interstate wire facilities with their various local offices or divisions.

45.    Specifically, Defendants perpetrated their scheme against Plaintiffs through interstate mail and email to generate disparaging ratings, and other related communication to the public.

## C.    Conduct of the RICO Enterprises' Affairs

46.    Defendants have exerted control over the Enterprises and, in violation of Section 1962(c) of RICO, Defendants have conducted or participated in the conduct of

the affairs of those RICO Enterprises, directly or indirectly, as specifically described above. The Enterprises had a hierarchical decision-making structure headed by Defendant Mitchell.

**D.    The Defendants' Pattern of Racketeering Activity**

47.    Each of the Defendants conducted and participated in the affairs of the above-referenced Enterprises through a pattern of racketeering activity, including acts that are indictable under 18 U.S.C. § 1341, relating to mail fraud, and 18 U.S.C. § 1343, relating to wire fraud. Defendants' pattern of racketeering likely involved thousands of separate instances of use of the U.S. mails or interstate wire facilities in furtherance of their Scheme. Each of these fraudulent mailings and interstate wire transmissions constitutes a "racketeering activity" within the meaning of 18 U.S.C. § 1961(1)(B). Collectively, these violations constitute a "pattern of racketeering activity," within the business meaning of 18 U.S.C. § 1961(5), in which Defendants intended to destroy Plaintiff's, as well as the business of other intended victims.

48.    Defendants' racketeering activities amounted to a common course of conduct, with similar pattern and purpose. Each separate use of the U.S. mails and/or interstate wire facilities employed by Defendants was related, had similar intended purposes, involved similar participants and methods of execution, and had the same results affecting the same victims, including Plaintiffs. Each Defendant has engaged in the pattern of racketeering activity for the purpose of conducting the ongoing business

affairs of the Enterprises.

**E.     Damages Caused by the Defendants' Scheme**

49.     Defendants' violations of federal law and their pattern of racketeering activity have directly and proximately caused Plaintiffs to be injured in their business or property because Plaintiffs have lost a substantial amount of money by virtue of the scheme, including but not limited to, past and future profits.

50.     Under the provisions of Section 1964(c) of RICO, Defendants are jointly and severally liable to Plaintiffs for three times the damages that Plaintiffs have sustained, plus the costs of bringing this suit, including reasonable attorneys' fees.

**SECOND CLAIM FOR RELIEF**

**Unfair Business Practices Chance E. Gordon, dba The Gordon Law Firm in Violation of Cal. Bus. & Prof. Code § 17200-17500**
***(Against All Defendants and Does 1-10)***

51.     Plaintiff repeats, realleges, adopts and incorporates each and every allegation set forth in paragraphs 1-50, inclusive, as though fully set forth herein.

52.     Defendant Mitchell is the creator and sole owner of all interest in Defendant Southland BBB.  In creating this entity which has been formed as a "non-profit" corporation, Defendant Mitchell has managed to convince the public that Defendant Southland BBB is able to accurately and reliably rank businesses.

53.     Instead, Defendant Mitchell, in controlling the activities of Defendant Southland BBB has devised a clever, yet highly illegal manner in which to:  (1) ensure

that businesses who seek accreditation and a high rating pay exorbitant fees; (2) to assign a low rating to businesses that do not agree to pay exorbitant fees, or whose line of business is in competition with other businesses in which Defendant Mitchell has an ownership interest, which is mainly Defendant Springboard.

54.     Defendants actions in engaging in the above-described conduct, constitutes unfair and unlawful business practices in violation of, among other things, California Business and Professions Code §§ 17200 through 17203.

55.     California's Unfair Competition Law ("UCL") permits civil recovery and injunctive relief for any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other State, Federal or foreign law.  Defendants have violated the UCL by engaging in the deceptive and fraudulent practices specifically described above.

56.     Accordingly, pursuant to California Business and Professions Code §§ 17200 and 17203, Plaintiff requests the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from publishing, distributing and/or otherwise disseminating or making available, whether directly or indirectly, any information of and concerning Plaintiff and permanently enjoining Defendants, and each of them, and their respective agents and employees, from publishing, distributing and/or otherwise disseminating anything of and concerning Plaintiff.

57.   Plaintiff has been harmed and has suffered monetary damages as a direct result of all Defendants' conduct in engaging in the conduct described above.  In addition to injunctive relief, Plaintiff seeks the disgorgement of profits, which have resulted from Defendants actions as specifically described above.  The unlawful, unfair, and/or fraudulent business practices of Defendants, as described above, present a continuing threat to Plaintiff and the general public at large.  Plaintiff, and other members of the general public, have no other adequate remedy at law.  As a direct and proximate result of the aforementioned acts, Defendants have received and continue to hold ill-gotten gains belonging to members of the public as well as to Plaintiff.

58.   If Plaintiff succeeds in enforcing these rights affecting this public interest, then attorney's fees may be awarded to Plaintiff against Defendants pursuant to California Code of Civil Procedure § 1021.5, because a significant benefit has been conferred on the general public by enjoining Defendants' conduct as specifically described above.  Plaintiff also seeks statutory penalty against Defendants for willful violation of the Business and Professions Code §17200, in an amount to be determined at the time of trial.

## THIRD CLAIM FOR RELIEF

### Intentional Interference with Prospective Economic Advantage
### (Against All Defendants)

59.   Plaintiff repeats, realleges, adopts and incorporates each and every allegation set forth in paragraphs 1-58, inclusive, as though fully set forth herein.

60.     At the times herein mentioned, Plaintiff had an economic relationship with potential clients as previously described above.  This relationship would have resulted in an economic benefit to Plaintiff.  Defendants had knowledge of this relationship at all relevant times described herein.

61.     Defendants acted intentionally as described above so as to disrupt this relationship between Plaintiff and potential clients by assigning Plaintiff's business a false and disparaging rating.

62.     As a proximate result of Defendants' acts, as identified above, Plaintiff has suffered and continues to suffer economic losses and damages in an amount that has not been fully ascertained but which exceeds the jurisdictional minimum of this Court.  Plaintiffs will seek leave of Court to amend this complaint once damages are fully calculated.

63.     The above actions by Defendants were intentional and done with fraud, oppression, malice, and with conscious disregard for the safety and rights of others merely for monetary gain with no socially redeeming value whatsoever.  As a result, Plaintiff is entitled to an award of punitive damages against Defendants.

## FOURTH CLAIM FOR RELIEF

### Injunctive Relief
### *(Against All Defendants)*

64.     Plaintiff repeats, realleges, adopts and incorporates each and every allegation contained in paragraphs 1-63, inclusive, as though fully set forth herein.

65.     Plaintiff is informed and believes and thereon alleges that as a result of the wrongful conduct and activities of Defendants described herein, Plaintiff has and will suffer great and irreparable harm and damage.

66.     Plaintiff is informed and believes and thereon alleges that as a result of the conduct of Defendants described herein, Plaintiff has sustained and will sustain actual damages that may be difficult to ascertain with certainty.

67.     Plaintiff alleges on information and belief that it has no adequate remedy at law for the injuries which it has suffered and will continue to suffer in the future unless the wrongful conduct of Defendants, and each of them, is restrained and enjoined, because it is and will be impossible for Plaintiff to determine the precise amount of damage, and no amount of money can restore the potential harm to Plaintiff caused by Defendants, and each of them, as a result of the conduct alleged herein.

68.     Plaintiff is informed and believes and thereon alleges that there is a serious risk that it will suffer irreparable harm absent the injunctive relief sought herein, in that the wrongs that have been and will in the future be performed by Defendants, and each of them, are of a continuing character and will expose Plaintiff to a continuing injury as the "F" rating is further disseminated and additional Internet users view, visit or otherwise acquire the information wrongfully posted on The BBB Website.

69.     Plaintiff is further informed and believes and thereon alleges that there is a serious risk that it will suffer irreparable harm absent the injunctive relief sought herein,

in that the wrongs that have been and will in the future be done by Defendants, and each of them, will give rise to a multiplicity of judicial proceedings absent the injunctive relief sought herein.

70.     Accordingly, Plaintiff requests the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from publishing, distributing and/or otherwise disseminating or making available, whether directly or indirectly, any information of and concerning Plaintiff, and from making use of the "F" rating.  Further, upon a final hearing seek an Order permanently enjoining Defendants, and each of them, and their respective agents and employees, from publishing, distributing and/or otherwise disseminating any information of and concerning Plaintiff, and from making use of any information of and concerning Plaintiff, or any information contained therein.  Specifically, Plaintiff requests injunctive relief enjoining, restraining and/or ordering Defendants and all of their officers, directors, stockholders, owners, agents, servants, employees, representatives and attorneys, and all those in active concert or participation with Defendants, and each of them, including, but not limited to:

(a) An order restraining and enjoining Defendants from displaying, posting, publishing, distributing, linking to and/or otherwise providing any information for the access or other dissemination of copies of anything of and concerning Plaintiff, including on the BBB Website and any other

websites under Defendants' ownership, control and/or which they can post or edit any content.

(b) An order restraining and enjoining Defendants from any further use, display, post, publication, distribution, linking to and/or other dissemination of copies of and/or images of anything of and concerning Plaintiff, including on the BBB Website, and any other websites under their ownership.

(c) An order that Defendants immediately block and otherwise prevent any further use, display, posting, publication, distribution, linking to and/or other dissemination of copies of any information of Plaintiff, pending further order of this Court.

(d) An order that Defendants immediately remove from their BBB Website, and any other websites owned or operated by Defendants or within their control, any and all copies of and/or images concerning Plaintiff and any information or data contained therein.

(e) An order that Defendants immediately give notice of this Order to all of the DNS hosting services, ISP's, domain registrars, website site developers, website operators and website host service providers, and anyone else responsible or with access to modify the Website, and that the same are to cease and desist from any further use, display, publication,

distribution, linking to and/or other dissemination of copies of and/or images of Gordon documents and any information contained therein pending further order of this Court.

WHEREFORE, Plaintiffs pray for Judgment against Defendants, and each of them, as pled hereinabove, as follows:

## AS TO THE FIRST CLAIM FOR RELIEF:

1.     Defendants' violations of federal law and their pattern of racketeering activity have directly and proximately caused Plaintiffs to be injured in their business or property because Plaintiffs have lost a substantial amount of money by virtue of the scheme, including but not limited to, past and future profits.

2.     Under the provisions of Section 1964(c) of RICO, Defendants are jointly and severally liable to Plaintiffs for three times the damages that Plaintiffs have sustained, plus the costs of bringing this suit, including reasonable attorneys' fees.

## AS TO THE SECOND CLAIM FOR RELIEF:

3.     If Plaintiff succeeds in enforcing these rights affecting this public interest, then attorney's fees may be awarded to Plaintiff against Defendants pursuant to California Code of Civil Procedure § 1021.5, because a significant benefit has been conferred on the general public by enjoining

Defendants' conduct as specifically described above. Plaintiff also seeks statutory penalty against Defendants for willful violation of the Business and Professions Code §17200, in an amount to be determined at the time of trial.

4.     Plaintiff also seeks statutory penalty against Defendants for willful violation of the Business and Professions Code §17200, in an amount to be determined at the time of trial.

## AS TO THE THIRD CLAIM FOR RELIEF:

5.     Economic losses and damages in an amount that has not been fully ascertained but which exceeds the jurisdictional minimum of this Court. Plaintiffs will seek leave of Court to amend this complaint once damages are fully calculated.

6.     Punitive damages for fraud, oppression, malice, and with conscious disregard for the safety and rights of others merely for monetary gain with no socially redeeming value whatsoever, Plaintiff is entitled to an award of.

## AS TO THE FOURTH CLAIM FOR RELIEF:

7.     Issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from publishing, distributing and/or otherwise disseminating or making

available, whether directly or indirectly, any information of and concerning Plaintiff, and from making use of the "F" rating.

8. An Order permanently enjoining Defendants, and each of them, and their respective agents and employees, from publishing, distributing and/or otherwise disseminating any information of and concerning Plaintiff, and from making use of any information of and concerning Plaintiff, or any information contained therein.

9. Injunctive relief enjoining, restraining and/or ordering Defendants and all of their officers, directors, stockholders, owners, agents, servants, employees, representatives and attorneys, and all those in active concert or participation with Defendants, and each of them.

DATED:   August 30, 2010        THE GORDON LAW FIRM

                                By: _____
                                    CHANCE E. GORDON

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV10- 6462 RSWL (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
   312 N. Spring St., Rm. G-8
   Los Angeles, CA 90012

[ ] **Southern Division**
   411 West Fourth St., Rm. 1-053
   Santa Ana, CA 92701-4516

[ ] **Eastern Division**
   3470 Twelfth St., Rm. 134
   Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

CHANCE E. GORDON, dba
THE GORDON LAW FIRM
_____
*Plaintiff*

v.

THE BETTER BUSINESS BUREAU OF THE
SOUTHLAND, a California Corporation[see attached]
_____
*Defendant*

)
)
)
)
)
)
)
)

Civil Action No.  CV10-06462 JFW (FFMx)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  ALL DEFENDANTS

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Chance E. Gordon, Esq.
THE GORDON LAW FIRM
5455 Wilshire Boulevard, Suite 2025
Los Angeles, CA  90036

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

MARILYN DAVIS

Date:  ⎯ 8 SEP 2010          _____
                                            *Signature of Clerk or Deputy Clerk*

# SUMMONS IN A CIVIL ACTION – PAGE 2

(Gordon v. The Better Business Bureau of the Southland-Case No. CV10-06462 JFW (FFMx)

WILLIAM MITCHELL, an Individual;

SPRINGBOARD NONPROFIT CONSUMER

CREDIT MANAGEMENT, INC., a California Corporation;

and DOES 1 through 10, inclusive

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.  CV10-06462 JFW (FFMx)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ _ _____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____      _____
                                        *Server's signature*

                                _____
                                        *Printed name and title*


                                _____
                                        *Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| CHANCE E. GORDON, dba THE GORDON LAW FIRM | THE BETTER BUSINESS BUREAU OF THE SOUTHLAND, a California Corporation; WILLIAM MITCHELL, an individual; SPRINGBOARD NONPROFIT CONSUMER CREDIT MANAGEMENT, INC., a California Corporation; and DOES 1 through 10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Chance E. Gordon, Esq., THE GORDON LAW FIRM<br>5455 Wilshire Boulevard, Suite 2025, Los Angeles, CA 90036<br>(323) 933-6088 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No    ☑ MONEY DEMANDED IN COMPLAINT: $ According To Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
18 U.S.C. § 1961 ET SEQ.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☑ 470 Racketeer Influenced and Corrupt Organizations | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | IMMIGRATION | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV10 6462

FOR OFFICE USE ONLY:    Case Number:

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino; Riverside | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date August 30, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |